UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

Mathews Alicea,
Juan J. Ortiz,
Diego Pagan
and other similarly situated individuals,

    Plaintiffs,

v.

Garda CL Southeast, Inc.
d/b/a Gardaworld,

    Defendant,
_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 USC § 216(b))

COME NOW the Plaintiffs Mathews Alicea, Juan J. Ortiz, and Diego Pagan, by and through the undersigned counsel, and hereby sue Defendant Garda CL Southeast, Inc., d/b/a Gardaworld, and alleges:

### Jurisdiction Venue and Parties

1. This is an action to recover money damages for unpaid overtime wages under the United States' laws. Accordingly, this Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 201-219, § 216(b), the Fair Labor Standards Act, "the Act," (Section 216 for jurisdictional placement).

2. Plaintiffs Mathews Alicea, Juan J. Ortiz, and Diego Pagan are residents of Osceola and Orange Counties within the jurisdiction of this Honorable Court. Plaintiffs are covered employees for purposes of the Act.

3. Defendant Garda CL Southeast, Inc., d/b/a Gardaworld is a foreign Profit corporation registered to perform business in Florida. Defendant operates in Orlando, Florida, within the jurisdiction of this Court. At all times, Defendant was and is engaged in interstate commerce.

4. Defendant Garda CL Southeast, Inc., d/b/a Gardaworld, was the Employer of Plaintiffs and other similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]

5. Defendant Garda CL Southeast, Inc., d/b/a Gardaworld hereinafter, will be called Gardaworld, or Defendant.

6. All the actions raised in this Complaint took place in Orange County, Florida, within the jurisdiction of this Court.

## Factual Allegations

7. This cause of action is brought by Plaintiffs as a collective action to recover from Defendant overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiffs, and all other current and former employees similarly situated to Plaintiffs ("the

asserted class") who worked in excess of forty (40) hours during one or more weeks on or after August 2019 (the "material time") without being compensated overtime wages pursuant to the FLSA.

8. Defendant Gardaworld is a contract carrier engaged in the business of transporting, storing, distributing, and protecting currency, coins, checks, and other valuables for its clients, primarily financial institutions and retailers. Defendant also provides other related security services.

9. Defendant Gardaworld provides its services in many countries around the world and the United States, including Florida. Plaintiffs worked at Gardaworld facilities located at 9820 Satellite Blvd., Orlando, FL 32837.

10. The Employer Gardaworld was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant provides armored car transportation services and affects interstate commerce through its business activity. Defendant had more than two employees recurrently engaged in commerce or producing goods for commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

11. Plaintiffs were employed by an enterprise engaged in interstate commerce and through his daily activities, Plaintiffs and other employees similarly situated regularly and recurrently participated directly in interstate commerce by handling and transporting currency, checks, and valuables for further movement or transmittal to out-of-state entities. These activities constitute practical continuity of movement across State lines. Therefore, there is individual coverage.

12. Defendant Gardaworld employed Plaintiffs Mathews Alicea, Juan J. Ortiz, and Diego Pagan as non-exempted, full-time messengers and drivers.

13. Defendant Gardaworld employed Plaintiff Mathews Alicea from on or about May 17, 2017, to February 16, 2022, or more than four years. However, for FLSA purposes, Plaintiff's relevant time of employment is 128 weeks. Plaintiff was paid a base wage rate of $14.25 an hour.

14. Defendant Gardaworld employed Plaintiff Juan J. Ortiz from on or about July 06, 2012, to February 17, 2022, or more than nine years. However, for FLSA purposes, Plaintiff's relevant time of employment is 128 weeks. Plaintiff was paid a base wage rate of $15.00 an hour.

15. Defendant Gardaworld employed Plaintiff Diego Pagan from on or about March 01, 2016, to February 15, 2022, or more than five years. However, for

FLSA purposes, Plaintiff's relevant time of employment is 128 weeks. Plaintiff was paid a base wage rate of $14.25 an hour.

16. During their relevant time of employment, Plaintiffs Mathews Alicea, Juan J. Ortiz, and Diego Pagan worked a similar schedule, more than 40 hours weekly, but they were not paid for overtime hours, as required by the FLSA.

17. The work of Plaintiffs for Defendant in whole or in part affected the safety of operation of motor Vehicles weighing 10,000 pounds or less in transportation on public highways in interstate or foreign commerce. Occasionally, and during the same week, Plaintiffs performed their duties in vehicles weighing 10,000 # or more.

18. Plaintiffs and other similarly situated messengers/drivers are non-exempted. Plaintiffs and other similarly situated individuals are not within the authority of the Secretary of Transportation because they are under the "Small Vehicle Exemption" of Section 13(b)(1).

19. Consequently, Plaintiffs and other similarly situated messengers/drivers are covered employees under the overtime provisions of Section 7 (a) of the Fair Labor Standards Act (FLSA), and they are entitled to be paid at a rate not less than one and one-half times their regular rates of pay for all hours worked in excess of 40 hours in a work week

20. Throughout their relevant time of employment with Defendant Gardaworld, Plaintiffs Mathews Alicea, Juan J. Ortiz, and Diego Pagan worked an average of 70 and 60 hours weekly.

21. Plaintiffs were paid bi-weekly with direct deposits for all their worked hours

22. However, Defendant maintained a common policy and practice of failing to pay Plaintiffs and other similarly situated individuals overtime wages for every hour worked in excess of 40 weekly, calculated at the rate of one and a half times their regular rate, as provided by Federal law.

23. Plaintiffs clocked in and out, and Defendant could keep track of the hours worked by Plaintiffs and other similarly situated individuals.

24. Therefore, Defendant willfully failed to pay Plaintiffs overtime hours at the rate of time and one-half their regular rate for every hour they worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

25. Plaintiffs Mathews Alicea, Juan J. Ortiz, and Diego Pagan seek to recover unpaid overtime wages accumulated during the relevant time of employment and any other relief as applicable by law.

26. Plaintiffs have retained the law offices of the undersigned attorney to represent them individually and on behalf of the asserted class in this action and are obligated to pay reasonable attorneys' fees and costs.

<u>Collective Action Allegations</u>

27. Plaintiffs bring this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

28. Plaintiffs contend that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiffs and other similarly situated individuals the proper compensation for overtime hours at the rate of time and one-half their regular rate.

29. This action is intended to include every messenger/driver/guard and any similarly situated individuals who worked for Defendant at any time during the past three (3) years. All proposed class members worked pursuant to Defendant's previously described common business practices and, as a result of such practices, they did not receive overtime premium pay for hours worked over 40 in a workweek.

**<u>COUNT I:</u>**
**<u>WAGE AND HOUR FEDERAL STATUTORY VIOLATION;</u>**
**<u>FAILURE TO PAY OVERTIME</u>**

30. Plaintiffs Mathews Alicea, Juan J. Ortiz, and Diego Pagan re-adopt every factual allegation as stated in paragraphs 1-29 above as if set out in full herein.

31. This action is brought by Plaintiffs Mathews Alicea, Juan J. Ortiz, and Diego Pagan and those similarly situated to recover from the Employers unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

32. Defendant Gardaworld employed Plaintiffs Mathews Alicea, Juan J. Ortiz, and Diego Pagan as non-exempted, full-time messengers and drivers.

33. Defendant Gardaworld employed Plaintiff Mathews Alicea from on or about May 17, 2017, to February 16, 2022, or more than four years. However, for FLSA purposes, Plaintiff's relevant time of employment is 128 weeks. Plaintiff was paid a base wage rate of $14.25 an hour.

34. Defendant Gardaworld employed Plaintiff Juan J. Ortiz from on or about July 06, 2012, to February 17, 2022, or more than nine years. However, for FLSA

purposes, Plaintiff's relevant time of employment is 128 weeks. Plaintiff was paid a base wage rate of $15.00 an hour.

35. Defendant Gardaworld employed Plaintiff Diego Pagan from on or about March 01, 2016, to February 15, 2022, or more than five years. However, for FLSA purposes, Plaintiff's relevant time of employment is 128 weeks. Plaintiff was paid a base wage rate of $14.25 an hour.

36. During their relevant time of employment, Plaintiffs Mathews Alicea, Juan J. Ortiz, and Diego Pagan worked a similar schedule, more than 40 hours weekly, but they were not paid for overtime hours, as required by the FLSA.

37. Plaintiffs and other class members are covered employees entitled to the FLSA's protections, and Defendant is a covered employer required to comply with the FLSA's mandates.

38. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek. See 29 U.S.C. § 207(a)(1).

39. Under the FLSA, overtime is calculated based on the number of hours worked in a "workweek" consisting of a fixed and recurring period of seven consecutive days. See 29 C.F.R. §§ 778.103, 778.105.

40. Defendant violated the FLSA by failing to pay Plaintiffs and other similarly situated individuals overtime premium compensation for hours worked in excess of 40 during the workweek.

41. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## Prayer For Relief

Wherefore, Plaintiffs Mathews Alicea, Juan J. Ortiz, and Diego Pagan, and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiffs Mathews Alicea, Juan J. Ortiz, and Diego Pagan, and other similarly situated and against Defendant Gardaworld and, based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Jury Demand</u>

Plaintiffs Mathews Alicea, Juan J. Ortiz, and Diego Pagan and those similarly situated demand trial by a jury of all issues triable as a right by jury.

Dated:  September 20, 2022

                                      Respectfully submitted,

                                      By:  **/s/ Zandro E. Palma**
                                      ZANDRO E. PALMA, P.A.
                                      Florida Bar No.: 0024031
                                      9100 S. Dadeland Blvd.
                                      Suite 1500
                                      Miami, FL 33156
                                      Telephone:     (305) 446-1500
                                      Facsimile:       (305) 446-1502
                                      zep@thepalmalawgroup.com
                                      *Attorney for Plaintiffs*